IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

Case No. 12-10220

JAVIER REYNA,

    *Defendant.*

**MEMORANDUM AND ORDER**

Javier Reyna was indicted by the grand jury on a one count indictment involving a controlled substance offense on October 10, 2012. He was arrested on March 12, 2013, and following a detention hearing was ordered released on conditions on March 15, 2013. However, following a positive drug test, Reyna was re-arrested and appeared at a revocation hearing. Bond was reinstated and he was again released on conditions. Reyna appeared before this Court on September 4, 2013, to enter a plea of guilty to a superseding information, but at that hearing he admitted to having recently taken a controlled substance. The plea hearing was recessed, and he was taken back into custody. On October 7, 2013, he waived indictment and entered a plea of guilty to the superseding information. He has now moved for release pending sentencing, pursuant to 18 U.S.C. § 3143 (Doc. 36). He requests release to tend to financial and business matters which he says require his attention before he serves his sentence. The United States does not oppose release.

18 U.S.C. § 3143(a)(2) provides:

The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ---

    (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

    (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

    (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Reyna pleaded guilty to an offense described in subparagraph (C) of subsection (f)(1) of section 3142, so this provision is applicable. Moreover, the Court does not find that there is a substantial likelihood that a motion for acquittal or new trial will be granted, nor has the Government recommended no sentence of imprisonment. Finally, the Court cannot find that the defendant has shown by clear and convincing evidence that he is not likely to pose a danger to any other person or the community. Given his history during supervision by the United States Probation Office of positive drug tests and of difficulty of the Probation Office reaching him to discuss such tests, his history of failure to appear incidents prior to these charges, and his likelihood of a substantial sentence being imposed in this case, the Court cannot grant his motion for release.

**IT IS THEREFORE ORDERED** that Defendant's motion for release (Doc. 36) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 9th day of October, 2013.

                                          ERIC F. MELGREN
                                          UNITED STATES DISTRICT JUDGE